UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON ASTOR JONES,<br><br>      Plaintiff,<br><br>      v.<br><br>HOMER BRYSON, Commissioner,<br>Georgia Department of Corrections;<br>and BRUCE CHATMAN, Warden,<br>Georgia Diagnostic and Classification<br>Prison.<br><br>      Defendants. | CIVIL ACTION NO.<br><br>1:15-CV-4445-CAP |

### ORDER

This action is before the court on the defendants' motion to dismiss [Doc. No. 8].

### I. Procedural History

The plaintiff was indicted in the Superior Court of Cobb County, Georgia, on July 16, 1979, for malice murder. On October 11, 1979, following a jury trial, the plaintiff was convicted and sentenced to death. After appeal of the conviction and death sentence to the Georgia Supreme Court, the plaintiff's conviction and death sentence were affirmed on June 30, 1982. *Jones v. State*, 293 S.E.2d 708 (Ga. 1982).

The plaintiff's first state habeas corpus petition was denied by the Superior Court of Butts County on June 20, 1982. On January 31, 1984, the

Georgia Supreme Court affirmed the denial of state habeas corpus relief. *Jones v. Francis*, 312 S.E.2d 300 (Ga. 1984). The plaintiff then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 1, 1984. *Jones v. Francis*, 469 U.S. 873 (1984). Thereafter, the plaintiff filed a petition for habeas corpus relief in the United States District Court for the Northern District of Georgia, which partially granted the petition and ordered a retrial as to his sentence. *Jones v. Kemp*, 706 F. Supp. 1534 (N.D. Ga. 1989).

The plaintiff's re-sentencing trial was conducted in the Superior Court of Cobb County from September 10 through September 23, 1997. The jury found statutory aggravating circumstances to impose the death penalty, and the plaintiff was then re-sentenced to death. On October 10, 1997, the plaintiff filed a motion for new trial, which was amended on June 9, 1999. Following a hearing, the motion for new trial was denied on January 11, 2000.

The Georgia Supreme Court affirmed the plaintiff's conviction and sentence on November 20, 2000. *Jones v. State*, 539 S.E.2d 154 (Ga. 2000). A timely motion for reconsideration was denied on December 14, 2000. Thereafter, the plaintiff sought a writ of certiorari in the United States Supreme Court, which was denied on October 1, 2001. *Jones v. Georgia*, 534

U.S. 839 (2001). The plaintiff filed a state habeas corpus petition in the Superior Court of Butts County, Georgia, on February 7, 2002, and an amended petition on October 31, 2003. An evidentiary hearing was conducted from August 31 through September 1, 2004. The state habeas court denied the petition for habeas corpus relief in its entirety on March 17, 2006. The plaintiff's application for a certificate of probable cause to appeal from the denial of habeas corpus relief was filed in the Georgia Supreme Court on June 19, 2006. The Georgia Supreme Court denied this application on September 23, 2008.

On May 8, 2009, the plaintiff filed his second petition for writ of federal habeas corpus in this court. *Jones v. Hall*, Civil Action No. 1:09-CV-1228 (N.D. Ga., May 8, 2009). This court denied the petition on August 10, 2011. *Id.* at Docket Number 45. This court then denied the plaintiff's motion to alter judgment on September 12, 2011. *Id.* at Docket Number 48. On March 20, 2014, the Eleventh Circuit Court of Appeals affirmed the denial of the second federal habeas petition. *Jones v. GDCP Warden*, 753 F.3d 1171 (11th Cir. 2014).

The plaintiff filed a petition for writ of certiorari to the Supreme Court, which was denied on October 5, 2015. *Jones v. Chatman*, 136 S. Ct. 43 (2015). On November 20, 2015, the Supreme Court denied the plaintiff's

petition for rehearing from the denial of certiorari. *Jones v. Chatman*, 136 S. Ct. 570 (2015).

On January 13, 2016, the Superior Court of Cobb County, the sentencing court, fixed the time period for the plaintiff's execution between the dates of February 2 and February 9, 2016 [Doc. No. 7-1].

## II. Discussion

The plaintiff has filed the instant complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of the defendants' method of execution. Specifically, the plaintiff contends that (1) the defendants' current source of compounded drugs violates the Eighth Amendment, and (2) the denial of information regarding the origin and true nature of the defendants' lethal injection drugs violates the Fifth, Eighth, and Fourteenth Amendments. The plaintiff seeks declaratory relief in the form of a judgment finding that the defendants' refusal to disclose information concerning the provenance of the lethal injection drugs violates his constitutional rights. He further seeks injunctive relief prohibiting the defendants from proceeding with his execution with the lethal injection drugs obtained from the same pharmacist who mixed batches used on March 2, 2015, and prohibiting the defendants from proceeding with his execution until they disclose the

information necessary to determine whether their method of execution risks cruel and unusual punishment.

The defendants have filed a motion to dismiss raising three preliminary matters as well as addressing the plaintiff's substantive claims [Doc. No. 8]. The plaintiff has responded to the motion to dismiss [Doc. No. 9].

### A. Preliminary Matters

#### 1. Fictitious Party Pleading

In the complaint, the plaintiff includes as defendants "Other Unknown Employees and Agents of the Georgia Department of Corrections." Compl. at 5 [Doc. No. 1]. However, "fictitious party practice is not permitted in federal court." *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Moreover, the plaintiff asserts that all of the defendants are being sued in their official capacity. Compl. at 5 [Doc. No. 1]. Suits against persons in their official capacity are actually suits against the governmental entity they represent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The plaintiff has already named as a defendant an employee from the Georgia Department of Corrections; therefore, that entity is a party to the lawsuit. Naming additional employees and agents from the same governmental entity is meaningless. Accordingly, the "Other Unknown Employees and Agents of the Georgia Department of Corrections" are DISMISSED from this suit.

### 2. *Exhaustion*

In the motion to dismiss, the defendants point out that at the time the complaint was filed, the plaintiff had failed to exhaust his administrative remedies. However, the defendants concede that the plaintiff has now exhausted his administrative remedies. Therefore, the defendants do not seek dismissal on exhaustion grounds.

### 3. *Statute of Limitations*

The defendants contends that the plaintiff's challenge to Georgia's method of execution is time-barred. Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought. *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008). In Georgia, the statute of limitations for tort actions is two years. *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011). The Eleventh Circuit has explained that a petitioner's "method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changes execution protocol." *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008). Here, the plaintiff's state review was completed on October 1, 2001, and the method of execution in Georgia was changed from electrocution to lethal injection on October 5, 2001. Therefore, absent later

changes to the execution protocol, the plaintiff's claim accrued on October 5, 2001, and he had until October 4, 2003, to bring this action.[1]

The plaintiff argues that because there has been a change in the source from which the defendants obtain their lethal injection drugs and in light of the two instances in which the drugs, when mixed, congealed for unknown reasons and were deemed too dangerous to use, there has been a "significant change" in the state's method of execution.  In *Arthur v. Thomas*, the Eleventh Circuit held that whether a significant change has occurred in a state's method of execution is a fact-dependent inquiry.  *Arthur v. Thomas* 674 F.3d 1257, 1260 (11th Cir. 2012) (remanding for a hearing to fully consider whether the change in Alabama's execution protocol constituted a "significant change" which would reset petitioner's statute of limitations).

In a recent case addressing Georgia's change from FDA-approved pentobarbital to compounded pentobarbital, the Eleventh Circuit held that there was  no "substantial change" because the switch between two forms of the same drug does not significantly alter the method of execution. *Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 779 F.3d 1275, 1282 (11th Cir. 2015) (*Gissendaner I*).  Furthermore, the appellate court held that the

---

[1] The defendants incorrectly argue that the plaintiff's claim must have been brought in 2001. Nevertheless, under the defendants' argument, the proper time would have been 2003, more than twelve years prior to when this action was filed.

7

state's refusal to provide information about the source of compounded penotobarbital was not a change to the protocol itself. *Id.* Instead, the Eleventh Circuit found the practice of secrecy was merely an alteration of how the state responds to requests for information about executions, which is different from how it carries out the protocol. *Id.* Accordingly, the plaintiff's contention that a significant change has occurred in the state's method of execution because Georgia now obtains its lethal injection drugs from an anonymous pharmacist is not a "substantial change" as contemplated by *Arthur*.

The plaintiff's second basis for arguing that there has been a significant change in Georgia's method of execution relates to two instances in February 2015 when drugs to be used in an execution coagulated when mixed and were then not used. This same argument was raised before another district judge on this court by a plaintiff seeking to assert the same challenges that the plaintiff asserts here. *See Terrell v. Bryson*, Civil Action No. 1:15-CV-4236-TCB (N.D. Ga. Dec. 8, 2015). In addressing the two February 2015 instances relied upon by the plaintiff, Judge Batten held that "the observed precipitation does not create any change to the execution protocol; indeed, once the precipitation was observed, [the state] halted executions and did not administer the precipitated drugs." *Id.* at Docket Number 10 at 19. This

8

court agrees. The two instances relied upon by the plaintiff make no significant change to the method by which the state of Georgia carries out executions.

Based on the foregoing, the statute of limitations began to run in 2001 and has expired. Nevertheless, given the critical nature of the plaintiff's challenges, this court will address the plaintiff's substantive claims as well.

### B. Substantive Claims

#### 1. Eighth Amendment

The plaintiff contends that the defendants' current source of compounded drugs renders their lethal injection procedures violative of the Eighth Amendment.

The Eighth Amendment's prohibition against cruel and unusual punishment forbids methods of execution that present "a substantial risk of significant harm." U.S. CONST. amend. VIII; *Baze v. Rees*, 553 U.S. 35, 50-52 (2008). Where an Eighth Amendment cruel-and-unusual-punishment claim alleges the risk of future harm, "the conditions presenting the risk must be 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers.'" *Baze*, 553 U.S. at 50 (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35 (1993)); *see also Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015). In the lethal injection context, this standard requires

an inmate to show an "objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment." *Baze*, 553 U.S. at 50.  Additionally, the *Baze* opinion held that prisoners "cannot successfully challenge a State's method of execution merely by showing a slightly or marginally safer alternative." *Id.* at 51.  Instead, prisoners must identify an alternative that is "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *Id.* at 52.

In this case, the plaintiff argues that the two February 2015 instances when mixed batches of Georgia's lethal injection drugs became cloudy indicates that the drugs were manufactured or handled improperly, which creates an intolerable risk of harm.  Also, the plaintiff argues that a reasonable alternative to the current use of an anonymous pharmacist would be for the defendants to obtain their drugs from a different source.

In the motion to dismiss, the defendants argue that the plaintiff's Eighth Amendment claim is foreclosed by binding decisions by the Eleventh Circuit:  *Terrell v. Bryson*, 807 F.3d 1276 (11th Cir. 2015); *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565 (11th Cir. 2015); *Gissendaner I,* 779 F.3d at 1275; and *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260 (11th Cir. 2014).  In response to the motion, the plaintiff concedes that his claim is

foreclosed by the cases relied upon by the defendants. The plaintiff recognizes that this court is bound by precedent to deny him the relief he seeks in the complaint; it is his intention to seek relief from the Eleventh Circuit. Accordingly, the defendants' motion to dismiss the plaintiff's Eighth Amendment claim is GRANTED.

### 2. Due Process

The plaintiff argues that Georgia's lethal injection secrecy act is an unconstitutional denial of his rights to obtain information sufficient to meet his evidentiary burden in challenging the method of execution. As with the plaintiff's Eighth Amendment claim, the Eleventh Circuit recently rejected this same argument: "Neither the Fifth, Fourteenth, or First Amendments afford [the plaintiff] the broad right 'to know where, how, and by whom the lethal injection drugs will be manufactured,' as well as 'the qualifications of the person or persons who will manufacture the drugs, and who will place the catheters.'" *Wellons*, 754 F.3d at 1267.

Again, the plaintiff concedes that his claim is foreclosed by binding Eleventh Circuit precedent. The plaintiff intends to pursue his claims before the appellate court. Therefore, the defendants' motion to dismiss the plaintiff's challenge to the state's lethal injection secrecy act is GRANTED.

### III. Conclusion

The plaintiff's claims are time barred. Moreover, the claims raised by the plaintiff are foreclosed by binding Eleventh Circuit precedent. Accordingly, the motion to dismiss [Doc. No. 8] is GRANTED.

**SO ORDERED** this 21st day of January, 2016.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge