UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON ASTOR JONES, <br><br> Plaintiff, <br><br> v. <br><br> HOMER BRYSON, Commissioner, Georgia Department of Corrections; and BRUCE CHATMAN, Warden, Georgia Diagnostic and Classification Prison. <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:15-CV-4445-CAP |

## O R D E R

This action is before the court pursuant to the Eleventh Circuit's order for a determination of whether the plaintiff may proceed in forma pauperis on appeal [Doc. No. 17]. Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." On January 25, 2016, the plaintiff filed a notice of appeal in this court, but did not file a motion for leave to appeal in forma pauperis. Instead, he filed a motion for leave to appeal in forma pauperis in the appellate court.

The plaintiff sought leave to file his 42 U.S.C. § 1983 complaint in this court in former pauperis [Doc. No. 2]. However, because the plaintiff had sufficient funds in his prisoner account to cover the costs of the filing and

administrative fees, this court denied leave to proceed in forma pauperis [Doc. No. 10]. The $400.00 fee was then paid in this court.

This court dismissed the action on January 21, 2016, by granting the defendants' motion to dismiss [Doc. No. 11]. On January 25, 2016, the plaintiff filed a notice of appeal but failed to submit the $505.00 appeal fee.

In the Eleventh Circuit, the plaintiff filed a motion for leave to appeal in forma pauperis to which he attached the same prison account certification that he filed in this court (dated December 30, 2015). *Jones v. Bryson, Comm'r, Ga Dep't of Corrs.; Chatman, Warden, Ga. Diagnostic and Classification Prison; and Other Unknown Employees and Agents, Ga. Dep't of Corrs.*, No. 16-10277 (11th Cir. Jan. 25, 2016). That account statement indicates a $687.78 spendable balance. *Id.*

In order to qualify to appeal in forma pauperis, an appellant must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a). As to subsection (A), the plaintiff did nothing more than attach the same affidavit of poverty that he filed in this court [Doc. No. 4]. He has offered no updated information regarding the balance in his

prisoner account. Furthermore, the filing fee that was paid on the plaintiff's behalf in this court was not drawn from his prisoner account. Rather, it was paid with a credit card in the name of an attorney representing the plaintiff. Therefore, the only information this court has regarding the plaintiff's ability to pay the appeal fees is that he has a spendable balance of $687.78. The filing fee for an appeal is $505.00. Therefore, the plaintiff has failed to demonstrate an inability to pay the fees on appeal.

Pursuant to the Eleventh Circuit's order for a determination of whether the plaintiff may proceed in forma pauperis on appeal, this court finds that he is not eligible under the plain language of Federal Rule of Appellate Procedure 24(a)(1)(A). Furthermore, had the plaintiff properly filed a motion for leave to appeal in forma pauperis in this court relying on 28 U.S.C. § 1915, the motion would be denied because the plaintiff has failed to demonstrate that he is "unable to pay" the appeal fees. 28 U.S.C. § 1915(a)(1).

**SO ORDERED** this 26th day of January, 2016.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge